## Edward Adams *versus* William Cuddy.

The owner of a tract of land in Boston conveyed a portion of it, describing such portion by metes and bounds; subsequently, he executed another deed, conveying "all the right and title to the land I have in Boston," to a second grantee, which was registered before the prior deed. It was *held,* that the portion of land described in the prior deed did not pass to the second grantee, as coming within the general description of the estate conveyed in the subsequent deed.

In an action between parties claiming respectively under a prior deed containing covenants of seisin and warranty, and a subsequent deed which was registered first, not containing any covenant, it was *held,* that the grantor, whose original title was good and indefeasible, was a competent witness to prove that the subsequent grantee had notice of the prior conveyance.

If a grantee takes with notice of a prior unregistered deed, and conveys to a second grantee with like notice, the second grantee, as well as the first, is precluded from setting up the subsequent deed against the prior unregistered deed.

Trespass *quare clausum.* The defendant pleaded soil and freehold in himself; and issue was taken on that fact.

Upon a case stated it appeared, that the *locus in quo* was parcel of a larger tract of land in South Boston, which was set off to Sarah Baker, wife of William Baker, upon the division of the estate of her father, James Blake, deceased, and that both parties claim title from her.

On December 21, 1807, William Baker executed a deed with covenants of seisin and warranty, purporting to convey the *locus in quo* to Jonathan Simonds in fee, and describing it accurately by metes and bounds. The wife of Baker joined in the deed, according to the following clause : " In witness whereof I the said William Baker, and my wife, in consideration of one dollar paid to me by said Simonds, do forever quit my right and fee in said premises, and we have hereto set our hands and seals," &c. This deed was not recorded till June 3, 1808. On June 17, 1808, Simonds conveyed the same land to the plaintiff, and the deed was recorded on the same day.

On March 24, 1808, William Baker and wife executed a deed to William's father, Allen Baker, containing the following clauses, to wit : " I, William Baker &c. and Sarah Baker, my wife, in her right, for in consideration of six hundred dollars paid me by my honored father, Allen Baker &c., I do, by these presents, the receipt acknowledge, and release

and forever quitclaim all the right and title to the land I have in South Boston, so called, formerly a part of the estate of James Blake, housewright, deceased : — And I, Sarah Baker, for myself, for the above sum mentioned do, for myself, forever release and forever quitclaim all my right and title to my honored father aforesaid, together with my right of dower, the receipt whereof we do hereby acknowledge, grant, bargain, sell and convey unto our honored father aforesaid, to him, his heirs " &c.  This deed contained no covenant.  It was recorded on March 28, 1808.

On the decease of Allen Baker, Rebecca Baker, his widow, was appointed administratrix of his estate, and being duly authorized to sell his real estate, for the payment of his debts, conveyed to Calvin Baker, by a deed dated March 20, 1818, and recorded the next day, all the interest of the deceased in a certain tract of land in South Boston, described by metes and bounds.  This tract was a portion of the land set off to Sarah Baker and included the *locus in quo*.  Calvin Baker, by a deed dated November 8, 1821, and recorded the next day, conveyed the same tract to the defendant.

The depositions of William and Sarah Baker, who were both living at the time of the supposed trespass, were put into the case, for the purpose of showing, that at the time when they conveyed to Allen Baker, he had notice of the prior deed to Simonds.

It was agreed, that if the plaintiff was entitled to recover, the defendant should be defaulted, and judgment rendered for the plaintiff for 30 dollars damages and costs ; otherwise the plaintiff was to become nonsuit.

The case was argued in writing by *D. A. Simmons*, for the plaintiff, and *Rand* and *Fiske*, for the defendant.

SHAW C. J. delivered the opinion of the Court.  The question between these parties is a question of title only, it being admitted that the defendant has done acts, which if he cannot justify on the ground of title, amount to a trespass.

The first question is, upon the effect of the deed of William Baker and wife to Simonds.  It is certainly a very imperfect, illiterate, and ill drawn conveyance.  It is contended, that there are no words of grant or conveyance on the

39 *

part of the wife ; and this certainly seems to be the case, if, according to the natural and grammatical construction of the language, the words are those of the husband only. But we do not consider that the Court is called on to decide what *quantum* of estate passed by this deed. If any estate passed and that continued till the time of the alleged trespass, it is sufficient for this action.

The husband was seised in right of his wife. It does not appear by the facts, whether there were children of the marriage ; if there were, the husband had an inchoate tenancy by the curtesy, which was an estate for his own life ; but if there were not, he had a freehold, determinable upon the contingency of surviving his wife. In either way of considering it, he had a seisin ; and such estate as he had passed by his deed to his grantee. It appears by the depositions in the case, that William Baker and his wife were both living, when the supposed trespass was committed, and therefore that the plaintiff had a title at that time sufficient to enable him to maintain the action.

But another ground of defence more confidently relied upon, is, that before the above deed was registered, the same estate was conveyed to Allen Baker, father of William, through whom the defendant claims, without notice of the prior conveyance, and the subsequent deed was first registered ; and so that the defendant has the better title ; and the dates of the execution and registry of the respective deeds would seem to maintain this ground.

To this the plaintiff makes two answers, first, that the subsequent deed from William Baker and wife, to his father Allen Baker, did not include the land before conveyed to Simonds ; and secondly, that Allen Baker, the grantee, had notice of the prior conveyance to Simonds.

That the administratrix of Allen Baker supposed that the deed from William to his father embraced the premises, is manifest from the fact, that she included that parcel in her deed to Calvin Baker, made in pursuance of a sale under a license ; and Calvin Baker, in like manner, included it in his deed to the defendant. But if the estate did not vest in Allen Baker, then his administratrix had no authority to

convey it, and her deed was void. And the Court are all of opinion, that the deed of William Baker and wife to his father, did not embrace the premises. This deed is quite as illiterate and informal, as the one above remarked upon. It is however, the deed of William Baker and his wife, and all the clauses of grant and release, are the language of both, and bind the estate of both ; and informal as it is, it is to have its legal effect. The deed contains no covenants, of any kind. The words, " grant, bargain, sell and convey," are contained, but they come after the description, the words preceding it being " release and quitclaim." But without placing any reliance upon these informalities, we rest our opinion upon this ; that examining the deed most critically, it does not purport to convey any land specifically, but only " all the right and title to the land I have in South Boston, formerly a part of the estate of James Blake, housewright, deceased " ; and then afterwards the wife adds, " all my right and title to my honored father aforesaid " ; probably the word " estate " of her father's was omitted by mistake. Now, we think the effect of conveying all the right and title I have, by fair construction, means all that has come to me and that I have not legally parted with. But the deed to Simonds, whether registered or not, gave a good title as against the grantor and his heirs. This therefore he had legally parted with, and it did not come within the general description of the estate conveyed. Were it construed otherwise, the grantors might in effect commit a fraud, without intending or even being conscious of it. Where a grantee takes by so indefinite a description as the right which the grantor has, he must take the risk of his grantor's right.

But upon the other ground, we are strongly inclined to the opinion, that the plaintiff has the better title. We do not perceive, that William Baker and Sarah Baker were not competent witnesses. In the deed to his father, there is no covenant. In that to Simonds there are covenants of seisin and warranty. It is agreed, that William Baker and his wife were then seised and had a good and indefeasible title. Should Simonds or his grantee lose their title in consequence of not registering their deed, the warrantor would

Adams
*v.*
Cuddy.

not be liable on his warranty for such defect. There seems to be no case in which Baker can be liable on his warranty; and if so, he is disinterested and a competent witness.

The effect of his testimony is, that when he conveyed to his father, the latter had notice of his prior conveyance to Simonds. If such was the case, he could never set up his title, though his deed was first registered, against the prior unregistered deed to Simonds. And though if Calvin Baker and the defendant had taken a deed from Allen, without notice of such defect in his title, the title might be indefeasible in them, yet this principle would not apply here, as they did not take a deed of him, but of his administratrix, who could only sell such estate as he had. But what is more important, before the defendant took his deed of Calvin Baker or the latter took his of the administratrix, the deeds from William Baker to Simonds and from the latter to the plaintiff, had been recorded; which was constructive notice to them. Now I take the rule to be, that if a grantee takes with notice of a prior unregistered deed, and he conveys to a second grantee, with like notice, the second, as well as the first, is precluded from setting up the subsequent deed, against the prior unregistered deed.

*Defendant defaulted.*